NO. 07-02-0415-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 5, 2003



______________________________




WILLIAM BRIDGES TYSON, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT OF NEWTON COUNTY;



NO. N2002-6; HONORABLE JOE NED DEAN, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER


 By his brief, appellant makes reference to testimony cited to appear in Volume 3 of
the reporter's record; however, the reporter's record consists of only one volume
designated as "Excerpted Testimony." The clerk's record contains appellant's request for
preparation of the reporter's record containing the entire record. See Tex. R. App. P.
34.6(b)(1). However, according to the reporter's certificate, the only volume filed contains
the "portions of the evidence" orally requested by appellant's counsel. Following our
request for clarification, appellant's counsel informs the Court the reporter's record
consists of only one volume and the reference to the testimony of Mrs. Gill, Mr. Lindsey,
and Mr. Brodnax in Volume 3 was erroneous. Also, the court reporter informs us that
because her computer has "crashed" and the disc is misplaced, she needs additional time
to prepare a complete record. 

 By his second issue appellant challenges the sufficiency of the evidence. Because 
Rule 34.6(c)(5) provides that where the sufficiency of the evidence is challenged as to
appellant's guilt or punishment in a criminal case, the reporter's record must include all
evidence admitted at trial on the issue of guilt or innocence and punishment, pursuant to
Rule 35.3(b)(3), we direct appellant's counsel to pay or make arrangements to pay for the 
preparation of the entire reporter's record on or before Thursday, September 25, 2003, and
notify this Court in writing of his compliance. We also direct Court Reporter Iva F. Hill-Morris to prepare the remainder of the reporter's record and file it as a supplemental
reporter's record in this Court within 30 days from the date appellant makes satisfactory
arrangements to pay for the record. 

 Should appellant's counsel fail to comply with our directive, we will proceed as if
volume one of the reporter's record is a partial reporter's record and apply the presumption
in Rule 34.6(c)(4) even though appellant presents an issue complaining of the sufficiency
of the evidence.

 It is so ordered.

 Per Curiam

Do not publish.



nter">_________________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          Tom Bernson d/b/a Bernson Enterprises, appellant, appeals a judgment of the 181st
District Court of Randall County in favor of Transit Mix Concrete & Materials Company,
appellee. On December 19, 2008, appellant and appellee, through their counsel, filed a
joint motion to abate the appeal and permit proceedings in the trial court to effectuate a
settlement agreement. See Tex. R. App. P. 42.1(a)(2)(C) (authorizing same). The parties
have reached an agreement to settle and compromise their differences and disputes, not
only on the issues which are the subject of this appeal, but also in collateral proceedings.
          Accordingly, we abate this appeal and remand the cause to the 181st District Court
for Randall County, Texas (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine whether to effectuate the settlement. 
          The trial court shall 1) execute findings of fact and conclusions of law addressing
whether it effectuated the settlement, 2) execute all orders necessary to effectuate the
settlement if it so chooses, and 3) cause to be developed a supplemental clerk’s record
containing its findings of fact and conclusions of law and all orders it may issue as a result
of its hearing in this matter. Additionally, the trial court shall then file the supplemental
record with the clerk of this court on or before January 28, 2009. Should further time be
needed by the trial court to perform these tasks, then same must be requested before
January 28, 2009. Finally, if the settlement is effectuated, the parties are directed to file
a joint motion of dismissal on or before January 28, 2009. If that deadline is not met, then
the court will reinstate the record and dismiss the appeal for want of prosecution.
          It is so ordered.
 
                                                                                                 Per Curiam